**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **FORGENT NETWORKS, INC.,** | § | |
| **Plaintiff,** | § | **CONSOLIDATED** |
| | § | **Civil Action No. 6:06-cv-208 LED** |
| **v.** | § | |
| | § | |
| **ECHOSTAR TECHNOLOGIES** | § | |
| **CORPORATION, et al.** | § | |
| **Defendants.** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Forgent Networks Inc.'s ("Forgent") Sealed and Partially

Opposed Motion for Leave to Amend its Patent Rule 3-1 Disclosures (Docket No. 309).  After

considering the parties' written submissions, the Court **GRANTS** the motion in part and **DENIES**

the motion in part.

**BACKGROUND**

Forgent filed suit on July 14, 2005 against Echostar, DIRECTV, Charter, Coxcom, Comcast,

Time Warner, and Cable One alleging Defendants' digital video equipment infringed U.S. Patent

No. 6,285,746 ("the '746 patent").  On September 19, 2005, Defendants filed counterclaims for

declaratory relief, and Scientific-Atlanta ("S-A") and Motorola filed a declaratory judgment action

against Forgent.  On November 8, 2005, the Court consolidated the declaratory judgment action and

Forgent's lawsuit, and Forgent filed counterclaims against S-A and Motorola alleging infringement.

Digeo subsequently filed its Intervention Complaint in January of 2006, and Forgent counterclaimed

for infringement against Digeo.  Forgent filed its original Patent Rule 3-1 Preliminary Infringement

Contentions ("PICs") on November 18, 2005.[1]

On September 25, 2006, Forgent filed its Sealed and Partially Opposed Motion for Leave to

Amend its Patent Rule 3-1PICs.  Forgent seeks leave to make four categories of changes to its PICs:

(1) adding accused devices, (2) adding revised claim infringement charts, (3) asserting claim 4 of

the '746 patent, and (4) identifying two Forgent devices that practice the claimed invention.  The first

two categories are specific to each Defendant's product line.  The last two categories present changes

applicable to all Defendants.  Defendants filed a common brief opposing categories three and four

and separate briefs opposing categories one and two.  Part of Forgent's motion is unopposed and to

the extent the motion is unopposed, it is **GRANTED**.

## ANALYSIS

### *Showing of good cause*

A party seeking leave to amend a court's scheduling order must show "good cause."  FED.

R. CIV. P. 16(b);  *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.

2003); *see also* P.R. 3-6 (stating that amendments to PICs "may be made only by order of the Court,

which shall be entered only upon a showing of good cause.").  The "good cause standard requires

the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of

the party needing the extension." *S&W Enters.*, 315 F.3d at 535 (internal quotations omitted).  Trial

courts have broad discretion to allow scheduling order modifications and should consider four

elements when determining whether to allow a modification: (1) the explanation for the failure to

---

[1] On October 27, 2006, the District amended the Local Patent Rules to state that a party's original Patent
Infringement Contentions ("PICs") are deemed to be its final contentions, except as set forth in P.R. 3-6.  The
amended Patent Rules are available on the District's website.

meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.  *Id*. at 535-36.  Additionally, under element one, a party's failure to meet a deadline due to mere inadvertence "is tantamount to no explanation at all."  *Id*. at 536.

The first factor, Forgent's explanation for failure to meet the deadline, supports granting the motion.  Forgent argues that it needed non-public technical documents from Defendants to confirm infringement before filing the amended PICs.  With respect to categories three and four, Defendants respond that Forgent had all of the information necessary to make these contentions when it filed the original PICs in November of 2005.  For example, the presence of claim 4 in the patent and the arguments Forgent now makes for infringement were apparent in November 2005.  In addition, Forgent certainly had all of the information about its own products to know in November whether they embodied the claims.  Beyond these arguments, Defendants do not rebut Forgent's explanation for failure to meet the initial deadline.  Giving Forgent the benefit of the doubt that it needed further documentation, and in light of the fact that the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants rather than a sword,[2] this factor weighs in favor of granting the motion.

The second factor, the importance of the thing that would be excluded, also supports granting the motion.  Forgent contends that if the Court were to exclude the identification of the products in its amended PICs, DIRECTV and Motorola would obtain dispositive relief as to products that have been part of this case since its earliest stages.  By doing so, the parties will have wasted enormous amounts of time and money spent discovering infringement and damage information about these

---

[2] *Orion I.P., L.L.C. v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) (Davis, J.).

3

products.  *See* Forgent's motion at 10.  DIRECTV does not rebut this contention, and Motorola's contention is taken up in the next section.

The third factor, potential prejudice in allowing the thing that would be excluded, supports granting the motion.  Except for prejudice suffered by Motorola (discussed in the next section), Defendants do not persuasively demonstrate how they would be prejudiced by allowing the amended PICs.  There has been extensive discovery regarding all products in the amended PICs, and Defendants are aware of the existence of these products.

The final factor, the availability of continuance to avoid any prejudice, also weighs in favor of granting the motion. As mentioned above, except for Motorola, Defendants have not made persuasive arguments regarding any prejudice they would likely suffer.  Therefore, because there is no prejudice, there is no need for a continuance.

Accordingly, except as set forth below, the Court **GRANTS** Forgent's motion for leave to amend its PICs.

### *Amendments as to Motorola*

Motorola opposes the amended PICs, arguing that Forgent chose not to serve any PICs on Motorola by the deadline in the Court's docket control order and Forgent should not be allowed to do so now, almost eleven months after the deadline.  Forgent chose not to assert PICs directly against Motorola or indirectly against Motorola's sales to third parties.

In the amended PICs, Forgent now accuses Motorola directly of selling already-accused products to five co-defendants.  While Motorola was not initially a party to this suit, after the cases were consolidated, Forgent filed counterclaims against Motorola on November 8, 2005, and filed its initial PICs (not asserting PICs against Motorola) on November 18, 2005.  Motorola wrote to

confirm whether Forgent asserted PICs against Motorola.  *See Orion* 407 F. Supp. 2d at 818–819 (holding that a defendant should "informally or by motion" seek clarification of any ambiguity in a patentee's PICs).  Forgent did not respond to this letter.

To satisfy the first requirement for good cause, Forgent's explanation for failure to meet the deadline, Forgent again argues that it needed non-public documents to confirm infringement. However, unlike with the other Defendants, despite requests from Motorola regarding the PICs Forgent waited over eleven months to file *any* PICs against Motorola.  This Court requires plaintiffs ". . . [b]efore bringing suit, . . . to rigorously analyze all publicly available information . . . ." *Orion*, 407 F. Supp. 2d at 817.  There is no evidence that Forgent analyzed Motorola's publicly available information in an effort to file PICs and explain its infringement theories at an earlier date.  Forgent's lack of diligence in this area prevents it from making a sound argument for a showing of good cause.

The second factor, the importance of the thing that would be excluded, also weighs in favor of denying the motion.  Motorola argues that Forgent attempts to accuse Motorola of directly selling to five defendants the very same units that it already is accusing the Defendants of selling to end users.  Forgent did not address this argument in its response brief.  Forgent ultimately will not be able to recover twice for the same unit. Therefore, the only "things" that would be excluded in denying this motion are the relatively small percentage of potentially infringing Motorola units that are sold to third parties.[3]

The third factor, potential prejudice in allowing the thing that would be excluded, is more equivocal.  Motorola argues that the new PICs would "unfairly redefine the relevant infringement

---

[3] According to Motorola's responses to Forgent's interrogatories, the sales to the five named defendants corresponded to roughly 70% of its overall sales of these units.  *See* Motorola's Brief in Opposition, Exs. I-J.

5

inquiry from the certain DCT and BMC products that Motorola sells to the five named cable companies, to a fully comprehensive case against Motorla generally.  Forgent responds that Motorola came to this cause of action as a declaratory judgment plaintiff seeking a declaration that its products do not infringe; therefore, Motorola will not now be prejudiced if Forgent seeks to show that its products do infringe.  However, Motorola claims that the change in PICs would not only implicate products sold to the five named Defendants, but also entirely new product lines that Motorola sells to non-party companies that have not been a part of this action.  The fact that Forgent waited almost eleven months to include these new products does prejudice Motorola and therefore, weighs against granting the motion.

Finally, the availability of continuance to avoid any prejudice, weighs in favor of denying the motion.  Motorola has shown that it will be prejudiced as a result of having new products brought in at this point in the case.  Although a continuance could be granted in light of these amendments, a continuance would unnecessarily delay the trial.

Forgent has had ample opportunity to prepare its infringement contentions against all Defendants.  Forgent chose to wait almost eleven months to file any PICs against Motorola.  Because the factors for showing good cause do not weigh in favor of granting the motion, the Court, **DENIES** Forgent's request for leave to amend its PICs with regard to Motorola.

### *Substantive PIC requirement*

Defendants request that if the Court grants Forgent's motion, the Court require Forgent to provide substantive PICs that will be useful in analyzing the alleged  infringement of the patent-in-suit and allow Defendants thirty days to provide supplemental P.R. 3-3 disclosures.  Defendants argue that Forgent's new PICs are no more helpful than the original PICs in crystalizing Forgent's

theories of infringement.[4]  For example, Defendant Digeo argues that Forgent's accusations against Digeo's software are presented in a conclusory paragraph: "Diego's Moxi Software provides object and/or executable code software instructions for the DVR and PVR operation of the Motorola BMC9012 and Motorola BMC9022.   Digeo's Moxi Software therefore induces Motorola's infringement and/or contributes to Motorola's infringement." Digeo, Inc.'s Opposition to Forgent's Motion at 5.   There is no explanation in this paragraph of how Digeo's software causes indirect infringement.   Similarly, S-A  contends the amended PICs are insufficient, stating "with regard to just claim 1, for instance, Forgent identifies as many as eight components, 'one or more' of which *may* contain the component called for by a particular claim element." S-A Supplemental Opposition Br. at 4.  Generic statements like these do not provide specific theories of infringement as required by P.R. 3-1.  Motorola echos this argument stating:

> The proposed amended disclosures hide Forgent's "hardware" infringement contentions by reciting a laundry list of components and stating that a claim limitation may be found in "one or more portions" of that laundry list of components. Similarly, they hide Forgent's "software" infringement contentions by pointing in a single sentence to ALL of Motorola's source code for the accused devices.

Motorola's Brief in Opposition at 10.

This Court has already recognized the importance of substantive PICs and has stated that PICs must "set forth 'particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves.'" *Connectel, L.L.C. v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526, 527–28

---

[4] S-A states, "Forgent's proposed amended PICs and ingringement charts fall well short of the rigorous analysis and crystallization that the local rules demand." S-A Supplemental Opposition Br. at 2. Digeo argues, "Yet, after nine months of discovery, Forgent's proposed infringement contentions fail to identify Forgent's legal theory of indirect infringement, let alone explain how Digeo's software allegedly induces or contributes to infringement." Digeo, Inc.'s Opposition to Forgent's Motion at 1-2.

(E.D. Tex. 2005) (Davis, J.) (quoting *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (Davis, J.)).  The reason for this requirement is that "[s]pecific theories create a specific trajectory for the case.  When parties accuse hundreds of products of infringing hundreds of claims and only narrow those accusations after discovery, the case staggers for months without clear direction." *Connectel*, 391 F. Supp. 2d at 526.  Therefore, the Court will allow Forgent to amend its PICs (except with respect to Motorola); however, those PICs must comply with the substantive requirements of P.R. 3-1.  The Court also **GRANTS** Defendants' request for thirty days to provide supplemental P.R. 3-3 disclosures.

## CONCLUSION

Forgent seeks to amend its PICs more than a year after filing this case.  While the Court understands Forgent's need to supplement its PICs, Forgent has had ample opportunity to explore Defendants' products through discovery and should be able to provide PICs that substantively comply with Rule 3-1.  Therefore, the Court **GRANTS** Forgent's motion for leave to amend to the extent it is unopposed.  Forgent has not shown good cause for its failure to previously serve any PICs against Motorola, accordingly the Court **DENIES** Forgent's motion for leave as it relates to Motorola.  The Court **GRANTS** the rest of Forgent's motion for leave and **ORDERS** Forgent to file PICs that substantively comply with Rule 3-1 and that provide Defendants with a clearer idea of Forgent's infringement theories.

**So ORDERED and SIGNED this 7th day of December, 2006.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**